**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Charles Stokes, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24 C 3716 |
| | ) | |
| v. | ) | Hon. Jorge L. Alonso |
| | ) | |
| Jason Garnett, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons discussed below, the Court grants Defendant's motion to dismiss for failure to state a claim [28] and denies Plaintiff's motion for temporary restraining order [42]. The amended complaint is dismissed without prejudice to Plaintiff's ability to seek relief before a proper tribunal or to bringing an action under § 1983 if and when his current incarceration has been invalidated. Amendment, however, is futile. Accordingly, the Clerk of Court is directed to enter a final judgment of dismissal without prejudice, in Defendant's favor. This case is closed.

**BACKGROUND**

Plaintiff Charles Stokes initiated this civil action *pro se* under 42 U.S.C. §§ 1983, 1985 and 1986 because, he says, he was held in prison six years beyond his original release date. (ECF No. 1.) His sparse allegations, however, were insufficient to state a claim, so the Court dismissed the complaint with leave to amend. (ECF Nos. 20, 26.)

Stokes's amended complaint and its attachments fill in the gaps. Stokes pleaded guilty to one count of predatory criminal sexual assault on January 6, 2010, in exchange for "eight years at 85%." (ECF No. 27 at 2, 7.) According to an initial calculation, Stokes was projected to be released from prison on July 11, 2014, but he was not released because he could not find housing that

satisfied the restrictions imposed by the Prisoner Review Board ("PRB"). (*Id.* at 2, 15.) Instead, Stokes says, he remained imprisoned until January 13, 2021, or "six years beyond his original release date." (*Id.*) Stokes then was placed on electronic monitoring, where he remains to date with "no prospective relief date." (*Id.*) He suggests he would not have pleaded guilty if he had known he would be subject to an indeterminate term of mandatory supervised release (MSR). (*Id.*)

Stokes brings his amended complaint against Defendant Jason Garnett, who Stokes identifies as the "Chief of the Parole Division and Trustee of the Bill of Rights for the Constitution of the United States of America Republic." (*Id.* at 1–2.) Stokes contends that the "six years" he was incarcerated beyond his original release date was unlawful and constituted false imprisonment. (*Id.* at 3.) He also contends that his "current confinement (*i.e.*, electronic monitoring, MSR) is not authorized by law." (*Id.*) Stokes seeks compensatory and punitive damages as well as an order preventing Garnett from enforcing the MSR terms. (*Id.* at 4; ECF No. 42.)

## **LEGAL STANDARD**

Before the Court is Defendant Garnett's motion to dismiss for failure to state a claim. (ECF No. 28.) To survive a motion to dismiss, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain enough facts, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

**DISCUSSION**

Garnett asserts two challenges to the amended complaint, but the Court addresses just one of the arguments: the alleged facts are not enough to establish § 1983 liability against Garnett. A government official or employee can be held liable under § 1983 "only if he personally caused or participated in a constitutional deprivation." *Milchtein v. Milwaukee Cty.*, 42 F.4th 814, 824 (7th Cir. 2022). There is no *respondeat superior* liability under § 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). This means that a high-level official like Garnett cannot be held liable under § 1983 merely because a subordinate might have miscalculated or misinterpreted the terms of Stokes's MSR. The facts alleged in the amended complaint suggest nothing more. Consequently, the amended complaint does not state a claim against Garnett.

But that is not the end of the matter. The claims Stokes seeks to bring in this civil lawsuit—*i.e.*, a challenge to a period of imprisonment after his original release date and his ongoing MSR—suffer from a fatal flaw. The Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), that a plaintiff cannot recover damages for an allegedly unconstitutional imprisonment unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[1] In *Edwards v. Balisok*, 520 U.S. 641 (1997), the rule articulated in *Heck* was extended to decisions in prison proceedings.

In light of *Heck*, Stokes cannot recover damages for the time he was imprisoned following his original release date unless or until the imprisonment is declared invalid by an appropriate tribunal. This is so whether the claim about that period of incarceration is viewed as arising from

---

[1] Defendant Garnett raised the *Heck*-bar in his response to Stokes's motion for temporary restraining order. (ECF No. 46.)

3

the revocation of his MSR and recalculation of his release date, *see Lacey v. Unknown Parole Agent*, No. 12 C 9406, 2012 WL 6217529, *2 (N.D. Ill. Dec. 12, 2012) (Tharp, J.) (concluding that claim under § 1983 for wrongful revocation of MSR barred unless or until PRB ruling overturned), or from imposition of conditions on his MSR that made it difficult for him to secure transitional housing, *see William v. Wisconsin*, 336 F.3d 576, 579–80 (7th Cir. 2003) (explaining that challenges to conditions of probation must be brought in petition for writ of habeas corpus). The fact that Stokes is no longer imprisoned does not change the analysis; the claim does not accrue unless or until the term of imprisonment has been invalidated. *See Savory v. Cannon*, 947 F.3d 409, 418–19 (7th Cir. 2020) (rejecting argument that claim challenging conviction accrued when prisoner was released from custody where his conviction remained intact).

Stokes's challenge to his ongoing MSR fares no better. "MSR is a mandatory requirement for prison sentences in Illinois." *Lacey*, 2012 WL 6217529, at *2 (citing *Illinois v. Horrell,* 919 N.E.2d 952, 957 (Ill. 2009)). Prisoners remain "in custody" while on parole even though they might no longer be serving their sentences in a prison. *See id.*; *Illinois v. Ruth*, 203 N.E.3d 933, 939 (Ill. App. Ct. 2022) ("MSR alters only the method and degree of confinement during the period of commitment to the Department of Corrections.").

A petition for a writ of habeas corpus is the proper route whether a "prisoner is seeking . . . outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (collecting cases); *see Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). The reason for this restriction is the "need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling

speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (emphasis in original). Thus, a state prisoner's claim under § 1983 is "barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 82 (emphasis in original). Here, success on either of Stokes's claims would necessarily call into question the validity of his criminal sentence, incarceration, and MSR terms. Consequently, before he may obtain relief under § 1983, he must first prevail on a petition for writ of habeas corpus or in an action brought pursuant to Illinois's post-conviction process.

## CONCLUSION

In sum, the Court discerns no basis for a federal lawsuit of the type Stokes seeks to bring in this civil action. The Court therefore grants Defendant's motion to dismiss. The amended complaint is dismissed for failure to state a claim. *See Heck*, 512 U.S. at 489 (explaining that a cause of action does not exist if a claim is *Heck*-barred). The dismissal is without prejudice to Stokes's ability to seek relief before a proper tribunal or to bringing an action under § 1983 if and when his incarceration has been invalidated. Amendment, however, is futile at this time. Accordingly, the Clerk of Court is directed to enter a final judgment of dismissal without prejudice, in Defendant's favor. This case is closed.

Date:  February 21, 2025

Jorge L. Alonso
United States District Judge